# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHEILA and TROY FULLBRIGHT, as Parents and Next Friends of T. F., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) NO. CIV-09-297-D |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Compel [Doc. No. 45] Plaintiffs to respond to certain discovery requested by Defendant, consisting of one interrogatory and two requests for production of documents. Plaintiffs have responded to the Motion, and defendant has filed a reply.

Plaintiffs bring this action on behalf of their minor son, T.F., alleging Defendant breached a contract of insurance and acted in bad faith after T. F. was injured in an automobile accident in which the other driver, an underinsured motorist, was at fault. The requested damages include a claim for T. F.'s medical expenses, lost wages, pain and suffering, and mental anguish. Plaintiffs contend these damages result from Defendant's alleged breach of the insurance contract or its bad faith conduct in handling the claim.

The parties have apparently engaged in extensive discovery, including interrogatories, document requests, and depositions. Plaintiffs responded to Defendant's interrogatories and document requests, and objected to Interrogatory No. 10. Although they produced documents in response to Request for Production Nos. 1 and 2, Defendant contends those documents are not

responsive or are incomplete. The parties state they have endeavored in good faith to resolve these objections; however, they represent to the Court that they have been unable to do so.[1]

I. Interrogatory No. 10:

In this interrogatory, Defendant requested the following information:

> What is the name and address of each doctor, medical provider, hospital or health care facility in which your son has been or who has treated him for any reason during the ten (10) years before the incident made the basis of this lawsuit and what was the reason for each visit to each hospital?

Plaintiffs objected to this interrogatory, stating:

> This interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is invasive of the physician/patient privilege and T. F.'s right to privacy. Without waiving said objections, T. F. has not sought any medical care for any parts of the body injured in the subject incident prior to this incident.

Defendant seeks to compel a response, arguing that the information sought is relevant to the claim for damages based on T.F.'s medical expenses and treatment related to the accident on which his insurance claim is based. In its motion, Defendant also states that, during T. F.'s deposition in this case, his counsel objected to questions regarding medical treatment received by T.F. prior to the accident, and instructed T. F. not to answer such questions. *See* excerpts from T. F. deposition transcript, submitted as Defendant's Exhibit 2, pp. 13-14. Plaintiffs' counsel took the position that T. F. would respond only to questions about prior medical treatment "for the same parts of your body that were injured in this accident." *Id.* at pp. 13, 14, and 16.

According to Defendant, it has information which indicates T. F. has a history of receiving medical treatment related to his cervical, thoracic, lumbar, and sacroiliac spine and that such

---

[1] This dispute is one of five which the parties have submitted to the Court for resolution.

treatment occurred prior to the accident on which his insurance claim is based. Defendant states that it has not yet issued a subpoena to the medical providers, but that it has offered to limit such subpoena to treatment for the body parts which Plaintiffs claim were injured in the accident. According to Defendant, Plaintiffs have refused to provide such information.

Plaintiffs argue in response that T. F.'s prior medical treatment is protected by the physician/patient privilege and that the only information which may be discovered is that which relates to the parts of T. F.'s body that were allegedly injured in the accident. Plaintiffs state they have provided Defendant with a complete list of medical providers who treated T. F. after the accident; they also state they have provided the name of his pediatrician; according to Plaintiffs, Defendant has issued subpoenas to those providers, and Plaintiffs did not object to the production of the medical records. Plaintiffs argue that, under Oklahoma law, they are required to produce only prior medical records relating to the condition or injury allegedly sustained in the incident. *Nitzel v. Jackson*, 879 P. 2d 1222, 1223 (Okla. 1994), citing Okla. Stat. tit. 12 § 3226(B)(1). According to *Nitzel*, filing a personal injury claim does not require a plaintiff "to execute a general medical authorization entitling the defendant to obtain all of the plaintiff's medical records." *Id.*

In this case, however, Defendant has not asked Plaintiffs to execute a general medical authorization which would entitle it to obtain all of T. F.'s medical records. Instead, Defendant is seeking information regarding prior medical treatment for conditions which could result in the pain and suffering which Plaintiffs contend resulted from the accident at issue. As Defendant points out in its brief, the Honorable David L. Russell recently authorized such discovery, noting:

> [W]here a plaintiff claims disabling pain, whether the plaintiff had pre-existing injuries which are also causes of the alleged pain is an issue. Thus, it is not uncommon for an insurer to seek discovery of medical records pertaining to prior injuries. A party is not required to rely on information furnished by the other party

3

and may choose the method by which it seeks to obtain relevant information. *Willis v. State Farm Mut. Auto. Ins. Co.*, Case No. CIV-09-581-R, Order of October 8, 2009 [Doc. No. 29]. The Court agrees that discovery of prior injuries or medical conditions which could cause the pain and suffering claimed as a result of the accident at issue is discoverable. Answering a question to disclose the existence of such injuries or conditions does not invade the physician-client privilege or require Plaintiffs to execute a blanket release of all prior medical records for T. F.

However, the Court agrees with Plaintiffs that the interrogatory, as presented, is overly broad because it does not seek information pertaining only to prior medical treatment which could have resulted in the pain and suffering T. F. claims resulted from the accident at issue. Nor does it focus on Defendant's request, as explained in its motion, to confirm whether T. F. has had prior spinal conditions which could cause pain and suffering.[2] In its motion, Defendant states that it has offered to limit the requested information to medical treatment for the "body parts" at issue in this case and that Plaintiffs have declined to respond. However, Plaintiffs' response to the motion suggests that they have provided this information.

It appears that Defendant is not willing to accept Plaintiffs' representations that they have either previously answered the interrogatory, narrowed in scope as described by Defendant, or that there was no previous medical treatment responsive to this request. Defendant is not required to rely on such information, and may seek to test the information through the discovery process. Thus, the Court will direct Plaintiffs to amend their interrogatory response by providing a written answer to

---

[2]The parties do not identify the specific injuries which T. F. sustained in the accident which is the subject of the insurance claim. .

the narrowed scope of Interrogatory No. 10. To that limited extent, the motion is granted.[3]

II. Document Request Nos. 1 and 2:

In Document Request No. 1, Defendant seeks the following documents:

> Request is made that you produce for inspection and copying all documents which pertain to your son's claim of loss of income, including but not limited to, all documents reflecting the total amount of work your son missed as a result of the accident made the basis of this suit.

Plaintiffs agreed to produce such documents, and Defendant examined and copied the same. However, Defendant contends the documents are not responsive because they do not reflect the amount of work time lost by T. F. Instead, Defendant states the documents consisted of invoices from the Plaintiffs' family business relating to work performed by the business as a whole; Defendant also states the documents are limited to the time period after the accident, and do not reflect any work performed by T. F. prior to the accident.

Document Request No. 2 provides as follows:

> Request is made that you produce for inspection and copying all federal income tax returns for your son for the past five years.

Plaintiffs[4] objected to the production, absent the entry of a protective order; their response states:

> This request seeks information that is private and confidential. Without waiving these objections, responsive information will be produced upon an entry of an appropriate Protective Order.

Defendant sought the information at issue because Plaintiffs claim, as an element of damages, that T. F. has lost income as a result of Defendant's alleged breach of the insurance

---

[3]Defendant's motion includes a discussion of proposed subpoenas, but does not request Court intervention with regard to the same. The only issue raised by the motion is Plaintiffs' response to Interrogatory No. 10, and the Court confines its ruling to that issue.

[4]Defendant sent identical document requests to each Plaintiff, and the responses were the same.

5

contract and bad faith conduct in handling their claim. Defendant explains in its brief that it has sought information regarding the income earned by T. F. prior to and after the accident. However, Defendant contends that it has been unable to obtain this information from Plaintiffs.

Defendant states that, during the depositions of T.F. and Plaintiffs, it posed questions regarding T.F.'s income before the accident and during the time period relevant to the lawsuit, but the deponents declined to answer some of these questions because their counsel objected on privacy grounds. According to Defendant, Plaintiffs objected to the production of documents reflecting this information.

The record before the Court indicates that T.F., who was 16 years old at the time of the accident, worked in a family business, was paid in cash, and did not receive W-2 or 1099 forms. The record also reflects he did not pay income taxes on his own behalf until 2008. Deposition testimony of Plaintiff Sheila Fullbright, T.F.'s mother, submitted as Exhibit 4 to Defendant's motion. Plaintiff Troy Fullbright, T.F.'s father, also testified that T.F. was paid in cash and did not file tax returns. *See* excerpts of Troy Fullbright deposition, submitted as Defendant's Exhibit 5. In his deposition, T.F. testified that he was paid in cash and that he deposited some of that cash in a bank account at Midfirst Bank; Plaintiffs' counsel objected to questions regarding the account balance as well as T.F.'s other sources of income.[5] *See* Defendant's response brief at pages 7-8 and excerpts of T.F. deposition transcript, submitted as Defendant's Exhibit 2.

In response to questions during his deposition, Plaintiff Troy Fullbright testified that he had been paying T. F. for work performed in the family's cleaning business since T. F. was eight years old. The deposition testimony reflects that T. F. was paid the same hourly rate as his parents;

---

[5] Defendant has issued a subpoena duces tecum to Midfirst Bank, seeking to obtain T. F.'s bank records; Plaintiffs have moved to quash that subpoena, and their motion will be addressed in a separate order.

however, that rate varies according to the job.  Troy Fullbright deposition, Defendant's Exhibit 5, pp. 23-24.   With respect to work Plaintiff Troy Fullbright described as "new construction jobs," however, T. F. was paid "10 percent of whatever the total amount was." *Id.,* p. 22.

Defendant states that, although some business invoices have been produced and Plaintiffs have produced their 2008 tax returns and the 2008 return filed by T. F., it cannot determine from these documents the wages T. F.  claims to have earned before and after the accident.

With respect to  Request for Production  No. 2, which seeks tax returns for T. F. for the past five years,  Plaintiffs state they have produced his 2008 tax return, which is the only return he filed. According to Plaintiffs, he did not file tax returns prior to 2008.   The Court agrees that, if no prior returns were filed by T. F., Plaintiffs have complied with this request.  Accordingly, the motion to compel a response to  Request for Production No. 2 is denied.

With respect to Defendant's argument regarding Request for Production No. 1, Plaintiffs respond by arguing that Defendant has never requested information regarding the amount of income earned by T. F. prior to the accident.  They contend that the information they have produced, apparently consisting of invoices for the business,  is responsive to the document requests.  With respect to the request for tax returns, they contend that the only relevant returns are those related to their business and that they have produced those returns.

The Court is not persuaded by Plaintiffs' contention that documents related to the income earned by T. F. prior to the accident were not produced because Defendant did not request that information. Request for Production No. 1  seeks documents "which pertain to your son's claim of loss of income."  Document Request No. 1.  Clearly, the request seeks information which would require documentation of his income before, and after, the accident; the lost income cannot be

determined without that comparison.   Plaintiffs' interpretation of this request does not persuade the Court.  To the extent Plaintiffs have not yet produced such documents, they are directed to do so.  The request also asks the Plaintiffs to produce documents reflecting the work time lost by T. F.

In correspondence from Plaintiffs' counsel, submitted as Plaintiffs' Exhibit 11, counsel sets out the time period in which T. F. was unable to work; she also represents to Defendant that the loss of income through September 7, 2009 was $16,824.75.  The correspondence states that "additional invoices evidencing lost wages" are attached; those invoices are not included with Exhibit 11.  According to Defendant, however, the produced documents do not contain information supporting counsel's claim for the amount of  T. F.'s lost income.

Based on its examination of the materials submitted and the deposition testimony of Plaintiffs and T. F., the Court concludes that the information produced in response to the document requests is deficient.  It appears to the Court that Plaintiffs take the position that production of invoices for the family business  is sufficient to support T. F.'s claim for lost income and is responsive to    Request for Production No. 1.  If, as Defendant suggests, those invoices do not indicate how much T. F. earned as a result of those invoices, the invoices are not sufficient to respond to the document request, and the Court questions whether such exhibits would be sufficient to allow this element of damages to be pursued at trial.   If Plaintiffs intend to pursue T. F.'s lost income as an element of damages, they must produce documents,if they exist, to support the amount requested.    To suggest that the information was not produced because it was not specifically requested, as indicated at page 12 of Plaintiffs' response brief, does not reflect a good faith effort to participate in discovery.  To the extent Plaintiffs have not yet made production of such information, the motion is granted, and they are directed to comply.

Conclusion:

For the foregoing reasons, Defendant's Motion to Compel [Doc. No. 45] is GRANTED in part and DENIED in part. Plaintiffs are directed to respond to the interrogatory, as limited herein. The motion is denied as to Document Request No. 2, as Plaintiffs state they have produced the only tax return responsive to that request. The motion is granted with respect to Request No. 1, as set forth herein, and Plaintiffs are directed to produce the requested documents. The parties are to bear their own costs and attorney fees in connection with this discovery dispute.

IT IS SO ORDERED this 15th day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE