**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

SHEILA and TROY FULLBRIGHT, as )
  Parents and Next Friends of T. F., )
                                        )
      Plaintiffs, )
                                        )
vs. ) NO. CIV-09-297-D
                                        )
STATE FARM MUTUAL AUTOMOBILE )
 INSURANCE COMPANY, )
                                        )
      Defendant. )

**ORDER**

Before the Court is Plaintiffs' Motion to Quash [Doc. No. 27] a subpoena duces tecum issued to Midfirst Bank ("Midfirst"), a non-party in this lawsuit. Defendant has timely responded to the motion.

Defendant issued a subpoena duces tecum to Midfirst Bank, seeking to obtain documents described as "any and all records relating to T.F.," Plaintiffs' seventeen-year-old son.[1] A copy of the subpoena is attached to Plaintiffs' motion as Exhibit 1. Plaintiffs contend that the discovery seeks confidential and privileged banking and financial information which has no relevance to the claims in this lawsuit.

Background:

Plaintiffs bring this action on behalf of their minor son, T.F., alleging Defendant breached a contract of insurance and acted in bad faith in connection with an insurance claim submitted after T. F. was injured in an automobile accident. The requested damages include a claim for T.F.'s lost

---

[1] In its response brief, Defendant states that it has offered to narrow the scope of the subpoena and remains willing to do so, but Plaintiffs have refused that offer.

wages allegedly resulting from Defendant's wrongful conduct. Defendant contends that it issued the subpoena because Plaintiffs and T.F. failed to respond to its discovery requests for information related to the lost wages claim. Defendant states that, during the depositions of T.F. and Plaintiffs, it posed questions regarding T.F.'s income before the accident and during the time period relevant to the lawsuit, but the deponents declined to answer some of these questions because their counsel objected on privacy grounds. According to Defendant, Plaintiffs failed to produce documents reflecting this information.[2] Plaintiffs contend they have produced financial information, including a 2008 tax return and records related to alleged lost income from their family-owned business.[3] They argue that T.F.'s Midfirst account is not within the scope of proper discovery; at a minimum, they contend the subpoena is overly broad.

Applicable law:

As a general rule, a party to a lawsuit does not have standing to object to a subpoena issued to a third party. *See, e.g., Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694, at \*1 (W. D. Okla. Oct. 31, 2008)(unpublished opinion); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F. R. D. 588, 590 (D. Kan. 2003); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). An exception to that general rule occurs where the challenging party asserts a "personal right or privilege with respect to the materials subpoenaed." *Shirazi,* 2008 WL 4792694, at \*1; *Brown*, 595 F.2d at 967; *see also*

---

[2]Defendant has filed a Motion to Compel [Doc. No. 45] seeking this and other information from Plaintiffs. That motion will be addressed in a separate order.

[3]The record before the Court indicates that T.F. worked in a family business, was paid in cash, did not receive W-2 or 1099 forms, and did not pay income taxes on his own behalf. Defendant's response, pages 3-4, quoting from the deposition testimony of Plaintiff Sheila Fullbright, T.F.'s mother; excerpts of her deposition are submitted as Exhibit 3 to Defendant's response brief. Plaintiff Troy Fullbright, T.F.'s father, also testified that T.F. was paid in cash and did not file tax returns. *See* excerpts of Troy Fullbright deposition, submitted as Defendant's Exhibit 4. In his deposition, T.F. testified that he was paid in cash and that he deposited some of that cash in a bank account at Midfirst; Plaintiffs' counsel objected to questions regarding the account balance as well as T.F.'s other sources of income. *See* Defendant's response brief at pages 7-8 and excerpts of T.F. deposition transcript, submitted as Defendant's Exhibit 5.

Charles Allen Wright & Arthur R. Miller, 9A Federal Practice and Procedure § 2463.1 (3d ed. 2008).

The court decisions do not define what constitutes a "personal right" for this purpose, but have applied the exception to specific factual circumstances. *See, e.g., Shirazi,* 2008 WL 4792694, at *1 (plaintiff had a personal right sufficient to confer standing to challenge a subpoena seeking her employment records); *First Natl. Bank v. United States*, 701 F.2d 115, 117-18 (10th Cir. 1983) (recognizing certain constitutional rights confer standing to challenge subpoenas to non-parties).

Although the Tenth Circuit has not expressly addressed the question whether bank records trigger the requisite personal right, courts have held that individuals whose banking records are subpoenaed "have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Arias-Zeballos v. Tan*, 2007 WL 210112, at *1 ( S. D. N. Y. Jan. 25, 2007) (unpublished opinion) (citations omitted); *Transcor, Inc.,* 212 F. R. D. at 591; *Catskill Development, LLC v. Park Place Entertainment*, 206 F. R. D. 78, 93 (S. D. N. Y. 2002). Accordingly, the Court concludes that Plaintiffs have standing to challenge the subpoena issued to MidFirst.

Contrary to Plaintiffs' suggestion, however, the fact that bank records have been considered private does not preclude their disclosure in response to a properly issued subpoena.[4] Instead, the Court must determine whether the challenged subpoena seeks information within the proper scope of discovery. According to Fed. R. Civ. P. 26, parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The

---

[4] Plaintiffs argue that 15 U. S. C. § 6801 prohibits a financial institution from disclosing this information. However, as Plaintiffs concede, disclosure is permitted under several exceptions to the general statutory prohibition; among these is disclosure in compliance with a properly authorized subpoena or summons. 15 U. S. C. § 6802(e)(8).

information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

In this case, the only discovery at issue is bank records reflecting T. F.'s financial status. One of the issues in this case is Plaintiffs' claim for damages based in part on T. F.'s lost income allegedly caused by Defendant's conduct. As Defendant explains, the bank records it seeks to obtain via the subpoena are directed at its attempt to discover the amount of T. F.'s income before and after the incidents on which Plaintiffs' claims are based. Where a plaintiff claims damages based on lost wages or income, the defendant is entitled to pursue discovery related to the alleged loss. *See, e.g., Whatcott v. City of Provo*, 171 F.App'x 733, 736 (10th Cir. 2006) (unpublished opinion). The record before the Court reflects that Defendant has sought to obtain this information by other means, including deposition testimony and document requests. Although Plaintiffs have produced some material in response to the document requests, they have not produced documents reflecting wages paid to T.F. during the relevant period, nor do the tax returns produced reflect this information. During their depositions, Plaintiffs and T.F. could not state the amount of income paid to T.F. before the occurrences at issue or the amount he currently receives. When asked about cash deposits reflecting the income received by T. F., the deponents were unable to answer or were prevented from answering as a result of counsel's objections.

Because Plaintiffs have placed at issue the amount of income or wages allegedly lost by T.F., discovery designed to obtain evidence of that amount is relevant to the damages claimed in this case. Defendant has unsuccessfully attempted to obtain this information through other forms of discovery. The Court concludes that Defendant is entitled to pursue discovery from Midfirst reflecting transactions which may lead to the discovery of evidence regarding T.F.'s income during the

4

relevant time period. Accordingly, to the extent Plaintiffs seek to quash to subpoena on the grounds that the information sought is not relevant, their motion is denied.

However, the Court agrees with Plaintiffs that the subpoena is overly broad because it seeks discovery of "any and all records relating to T.F." Subpoena, Plaintiffs' Exhibit 1. Defendant apparently concedes that this request is overly broad, as it states it has offered to narrow the scope. The Court directs the parties to confer in good faith to determine a time period which is relevant to the claim for damages based on lost income or wages, and to specify the particular documents reasonably believed to provide the information sought; Defendant should then reissue its subpoena to Midfirst to reflect the agreed time period and scope (the records subpoenaed should be described in a manner that focuses on deposits and withdrawals prior to the occurrences at issue in this lawsuit, continuing to the present[5]). The Court also notes that, at the parties' request, a protective order [Doc. No. 23] restricting the disclosure of confidential information has been entered in this case; the Midfirst records produced in compliance with the revised subpoena are to be subject to that order.

With regard to its directive that the parties reach agreement regarding the proper scope of the subpoena, the Court reminds the parties of their obligation to confer in good faith according to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The record in this case reflects that the parties may not have done so with respect to discovery matters. This motion is one of at least five discovery motions which have been filed by the parties; in a case of this type, that number is excessive. Accordingly, the Court admonishes the parties that they must confer in good faith to attempt to reach an agreement regarding this and other discovery issues.

---

[5]According to the record before the Court, Plaintiffs paid T.F.'s wages in cash. If wages were paid by another means, e.g., direct transfers, or from another source, these should also be disclosed.

Conclusion:

In accordance with the foregoing, the motion to quash [Doc. No. 27] is DENIED except as to the scope of the subpoena at issue. To the extent Plaintiffs contend the subpoena is overly broad, the motion is GRANTED. The parties are directed to proceed asset forth herein. Each party shall bear their own attorney fees and costs in connection with this dispute.

IT IS SO ORDERED this 15th day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE