# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

SHEILA and TROY FULLBRIGHT, as )
  Parents and Next Friends of T. F., )
                                                                      )
      Plaintiffs, )
                                                                        )
vs. )        NO. CIV-09-297-D
                                                                      )
STATE FARM MUTUAL AUTOMOBILE )
 INSURANCE COMPANY, )
                                                                      )
      Defendant. )

## **ORDER**

Before the Court is Plaintiffs' Motion to Compel Defendant [Doc. No. 31] to respond to Plaintiffs' request for production of documents. Defendant has responded to the Motion.

Plaintiffs bring this action on behalf of T.F., their minor son, alleging Defendant breached a contract of insurance and acted in bad faith after they submitted a claim following T.F.'s injury in an automobile accident. Plaintiffs allege that the driver of the other vehicle was at fault and was an underinsured motorist. Both the underinsured motorist and Plaintiffs had policies of insurance issued by Defendant.

The parties have engaged in discovery[1], including interrogatories and requests for production of documents. Defendant responded to Plaintiffs' request for documents; however, it objected to producing material responsive to two specific requests. The requests at issue are as follows:

---

[1]The parties' respective discovery requests and responses have resulted in the filing of five motions related to their ongoing discovery disputes.

**REQUEST FOR PRODUCTION NO. 14:** Produce all complete personnel files of all adjusters and supervising employees who participated in the handling of Plaintiffs' UM/UIM claim, including but not limited to, their applications for employment, performance evaluations, records of promotions/demotions, all educational or training records, including company courses, reprimands, discipline, awards, bonuses, merit based pay raises, and customer complaints.

**REQUEST FOR PRODUCTION NO. 18:** Produce all complaints made in the last five(5) years by any customer or insured concerning any UM claims, and all materials related thereto, including but not limited to your response to the same, your complaint log(s), your investigation and inquiries by the Department of Insurance.

Defendant objects to Request No. 14 on various grounds. It contends the request is overly broad and not likely to lead to the discovery of evidence admissible at trial. Defendant also argues the request invades the privacy of the individuals whose personnel files are sought, and contends it is legally obligated to protect such privacy interests; it also objects because the files contain confidential and proprietary information. In addition, Defendant asserts both the attorney-client privilege and work product doctrine preclude discovery of some material in the files. Subject to that objection, Defendant produced the education and training records of Sherry Foster, the claims representative who handled Plaintiffs' claim; it also produced education and training records for Oscar Rodriguez, the claim team manager. In its objection to Request No. 18, Defendant asserts these same objections; it also argues that production of some of the requested information is restricted by the Oklahoma Insurance Department.

In its objections to both requests, Defendant also states that the same constitute a "fishing expedition" and are intended to harass and annoy Defendant. According to Defendant, any limited probative value the requested information may have is outweighed by the burden involved in its production.

The parties have represented to the Court that their good faith efforts to resolve this dispute

have been unsuccessful. Accordingly, the Court will examine each challenged request and determine whether the documents at issue must be produced in whole or in part.

I. Request No. 14 - personnel files:

Plaintiffs argue the information sought in Request No. 14 is likely to lead to the discovery of admissible evidence. They believe the personnel files contain information reflecting salary increase, bonuses, or other meritorious benefits which are based on the manner in which insureds' claims are handled. They also state that personnel files may contain information reflecting the training of the individual employees with regard to claims handling and procedures. In addition, they contend that disciplinary actions regarding claims handling conduct should be reflected in the files and that such information is relevant to their bad faith claim.

Based on the other discovery motions and responses reviewed in this case, the Court is aware that Sherry Foster was the adjuster who initially handled Plaintiffs' claim; after March 5, 2009, however, another adjuster, whose name is not reflected in the material before the Court, was assigned to handle the claim. In addition, Defendant's response to this document request suggests that Oscar Rodriguez was involved either directly or in a supervisory role. Defendant has agreed to produce the education and training materials for both Ms. Foster and Mr. Rodriguez; its objections are directed to the other contents of the files.

Personnel files are regarded as private and contain material which employees regard as confidential, and a court must be cautious in ordering their disclosure. *Regan-Touhy v. Walgreen Co.*, 526 F. 3d 641, 648 (10th Cir. 2008). The Tenth Circuit explained the caution which must be exercised in determining whether the personnel file of a non-party should be disclosed in discovery:

> [P]ersonnel files often contain sensitive personal information,...and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression....' " *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed.R.Civ.P. 26(c)(1)); *see also Gehring v. Case Corp.*, 43 F. 3d 340, 342 (7th Cir.1994) (no abuse of discretion where "privacy interests, coupled with [the district court's] determination to keep the trial focused ..., justified limiting [plaintiff's discovery of] personnel files").

*Id.* at 648 -649. However, the Circuit added, "[t]his is not to say personnel files are categorically out-of-bounds."[2] *Regan-Touhy*, 526 F. 3d at 649.

Courts have addressed the propriety of producing a non-party's personnel file in cases involving breach of an insurance contract and/or bad faith claims against insurers. The resulting decisions vary according to the facts of the case. In *Ayala v. American Sec. Ins. Co.*, 2009 WL 1873645 (S.D. Fla. June 30, 2009) (unpublished decision), the trial court denied a plaintiff's request for production of the "entire personnel file of every employee...that had any participation in decisions regarding the payment or non-payment of money on her insurance claim," finding the request overly broad. 2009 WL 1873645, at *1. In *Carlucci v. Maryland Casualty Co.*, 2000 WL 298925 (E. D. Pa. March 14, 2000), the Court declined to order disclosure of a claims adjuster's personnel file; the plaintiff argued the adjuster had been terminated for poor performance, and the plaintiff argued such performance was relevant to whether her claim had been properly handled. Citing other cases involving similar requests and proffered justifications, the Court concluded that the information could be obtained through depositions, and it was not necessary to compel disclosure of the personnel file. *Id.*

---

[2]Although some states have enacted statutes protecting the privacy of employee personnel files, Oklahoma has not done so.

Other trial courts have considered similar requests and ordered production of the files. The District Court of Idaho directed the production of such files in *Stokes v. Life Ins. of North America*, 2008 WL 2704564 (D. Idaho July 3, 2008) (unpublished opinion); although the court found the documents relevant, it did not state its specific reasons for that finding. Similarly, such files were directed to be produced, subject to specific limitations and a protective order preserving their confidentiality, in *Saldi v. Paul Revere Life Ins. Co.*, 224 F. R. D. 169, 184 ( E. D. Pa. 2004). The Court in *Saldi* concluded that material reflecting incentive plans and merit or disciplinary comments regarding an employee's approval or denial of claims could be relevant because the plaintiff alleged the defendant insurer instituted improper incentives for its employees and knew of and ratified employee misconduct related to claims handling. *Id.*

Although the Tenth Circuit has apparently not directly addressed this issue, the Northern District of Oklahoma has considered the question in a case involving facts similar to those in this case. *Waters v. Continental General Ins. Co.*, 2008 WL 2510039 (N.D. Okla. June 19, 2008) (unpublished opinion). *Waters* involved a claim of bad faith against the insurer; the plaintiff sought production of the personnel files of all employees involved in the processing of his insurance claim as well as their supervisors. According to the court, "Plaintiff asserts that the personnel files are expected to contain information concerning the adjusters' training and job performance," one of the reasons asserted by Plaintiffs in this case. The court concluded that "this type of information is fair ground for discovery in this case," but limited the scope of the material to be produced. *Id.*, at *1. "However, since the personnel files may contain sensitive personal or medical information that is not relevant to the issues in this case, the information that must be produced is limited." *Id.*

> Defendant is required to produce information from the personnel files which pertains to the adjusters' background, qualifications, training and job performance. Defendant

> is required to produce this information only for those adjusters who actually handled some aspect of Plaintiff's claim. Therefore, Defendant need not produce the foregoing information for the supervisors identified unless those supervisors participated in adjusting the claim in some manner.

*Waters*, 2008 WL 2510039, at * 1. The court also imposed a protective order to preserve the confidentiality of the material produced.

The foregoing discussion does not include all court decisions addressing the issue raised by Plaintiffs' motion, but reflects the concerns and considerations of courts where personnel files are the subject of a discovery request. The Court notes that, assuming the requested material is otherwise discoverable, one matter to be considered is whether the material is readily available from a source other than a personnel file. *See, e.g. Saldi*, 224 F. R. D. at 184. In this case, the record suggests that one of the Plaintiffs' stated reasons for examining personnel files is to obtain information regarding the education and training of Ms. Foster and others who may have been involved in handling Plaintiffs' claim. That information is available from another source, as Defendant has agreed to produce the education and training materials applicable to Ms. Foster and Mr. Rodriguez; therefore, Plaintiffs need not review the personnel files to obtain this information, even if the files reflect the same. Because Defendant does not object to producing the education and training materials, it is also directed to produce such materials for any other adjuster who was directly involved in the handling of Plaintiffs' claim.[3]

With respect to the other justifications offered by Plaintiffs, the Court agrees with the *Waters* decision that information reflecting the background, qualifications, and job performance of Ms.

---

[3]The parties' briefs suggest that Plaintiffs are dissatisfied with the scope of the education and training materials produced by Defendant. The Court agrees with Defendant that the material to be produced shall be limited to that which pertains to education and training regarding the investigation and handling of uninsured or underinsured motorist claims. Furthermore, materials for time periods outside the scope of the time relevant to Plaintiffs' claim need not be produced.

Foster, Mr. Rodriguez and any other adjuster directly involved in the handling of Plaintiffs' claim is discoverable. The Court does not agree with Plaintiffs that the background, qualifications, and job performance of all supervisory personnel are discoverable, and Defendant is not required to produce the same.

Furthermore, the Court sees no justification for producing the entire personnel file of any employee. Instead, Defendant is directed to produce the foregoing information from the personnel files of Ms. Foster, Mr. Rodriguez, and any other employee directly involved in the handling of Plaintiffs' claim.

The Court finds that Plaintiffs have not presented sufficient justification to support obtaining information from personnel files regarding merit pay or related salary information. Plaintiffs speculate that adjusters' salaries are affected by the number of claims reduced or denied; however, that speculation is not sufficient to justify disclosure of personal and sensitive information contained in personnel files. The Plaintiffs have also not provided justification for a review of disciplinary materials in an adjuster's personnel file; absent such justification, the Court does not find such material reasonably calculated to lead to the discovery of admissible evidence.

Finally, the Court acknowledges Defendant's concern regarding the confidential and proprietary nature of the information contained in the personnel files. As noted above, the Court will not require disclosure of an entire file, and requires production only of the limited information set forth herein. In addition, the parties have agreed to a protective order in this case, and the same has been approved by the Court and filed of record [Doc. No. 23]. The provisions of the protective order govern all confidential and proprietary information in this case, including that which may be contained in the personnel files. Accordingly, because of the sensitive nature of the material to be

produced from personnel files, the Court directs that all material produced by Defendant in response to this document request shall be designated as subject to the existing protective order.

II. Request No. 18 - complaints filed by other insureds:

Plaintiffs seek the production of material related to complaints of other insureds concerning uninsured motorist claims; they have agreed to limit this request to complaints received within the five years prior to this lawsuit, and state they have also agreed to limit this request to complaints within Oklahoma. Defendant argues, however, that even these limitations do not justify the request to produce this information.

Defendant argues that this request cannot lead to the discovery of evidence admissible at trial because prior "bad acts" evidence would not be admissible under Fed. R. Evid. 404(b). Nor is such evidence admissible in the context of a claim for punitive damages, as a punitive damages award may not be used to punish a defendant for harming someone other than the plaintiff in the case at issue. *Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007).

The Court agrees with Defendant that the request for documents, as presented, is too broad. Although Plaintiffs have agreed to limit the request to information regarding Oklahoma complainants, the request raises other concerns. As Defendant suggests, insureds who are not involved in this litigation have a recognized privacy right with regard to information maintained by their insurers, and Defendant is subject to restrictions on the disclosure of that information. *See* 15 U. S. C. § § 6801, 6807. However, Defendant concedes that such disclosure is permitted in response to certain legal requirements, including a response to a court order. 15 U. S. C. § 6802(e)(8).

In addition, Defendant correctly notes that, to the extent Plaintiffs' request extends to complaints submitted to the Oklahoma Insurance Department, the disclosure of such information

is restricted by state law. *See* Okla. Stat. tit. 36 § 306(A) (preventing disclosure of Oklahoma Insurance Department files except in limited circumstances). While the statute may not extend to files and information within the possession of Defendant, it raises concerns regarding the requested discovery.

Having considered Plaintiffs' request, its offer to narrow the scope of the same, and the justifications given for obtaining the requested documents, the Court finds that Plaintiffs have not given sufficient justification to require Defendant to produce the broad scope of material requested. However, the Court concludes that the document request, if narrowed in scope, may lead to the discovery of evidence admissible at trial. Accordingly, Defendant is directed to produce documents reflecting other Oklahoma complaints regarding the processing of uninsured or underinsured motorist claims handled by the same adjusters who investigated Plaintiffs' claim for the time period of two years preceding the submission of Plaintiffs' claim. To preserve the privacy of those complainants, Defendant shall redact the complainants' names, addresses, and other identifying information from the documents. Defendant is not required to produce any documents maintained by the Oklahoma Insurance Department or otherwise not within the possession or control of Defendant.

The Court concludes that Defendant's concerns regarding individual privacy interests are addressed by the order to redact personal information from the documents produced. In addition, the Protective Order entered in this case [Doc. No. 23] preserves the confidentiality of such material; the Protective Order is also sufficient to address Defendant's concerns regarding the confidentiality of any proprietary information which may be contained in the material to be produced. The provisions of the Protective Order shall extend to all documents produced in response to the

document request in question.

Conclusion:

For the foregoing reasons, Plaintiffs' Motion to Compel [Doc. No. 31]is GRANTED in part and DENIED in part with respect to Request No 14. The motion is granted to the extent the Court has directed Defendant to produce specific materials identified herein, if such materials are located in the personnel files of Sherry Foster, Oscar Rodriguez, and any other adjuster who was directly involved in the handling of Plaintiffs' claim. The request for production of the files in their entirety and for the files of other employees, is denied. Furthermore, all material produced in response to this request is subject to the Protective Order entered in this case. Plaintiffs' Motion to Compel production of the documents described in Request No. 18 is DENIED; however, Defendant is directed to produce documents in accordance with the Court's limitations set forth herein, and the documents produced are also subject to the Protective Order entered in this case. Each party shall bear their own attorney fees and costs in connection with this dispute.

IT IS SO ORDERED this 20th day of January, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE