# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SHEILA and TROY FULLBRIGHT, as )
  Parents and Next Friends of T. F., )
                                                         )
      Plaintiffs, )
                                                         )
vs. ) NO. CIV-09-297-D
                                                         )
STATE FARM MUTUAL AUTOMOBILE )
 INSURANCE COMPANY, )
                                                         )
      Defendant. )

## ORDER

Before the Court is Plaintiffs' Motion [Doc. No. 48] to Strike the Deposition Errata Sheet executed by Sherry Foster. Defendant has timely responded, and Plaintiffs have filed a reply.

Attached to Plaintiffs' Motion is a copy of the errata sheet at issue, along with excerpts from Ms. Foster's deposition. Plaintiffs contend the errata sheet contains material alterations to the substance of Ms. Foster's testimony. According to Defendant, the corrections in the errata sheet do not materially alter the testimony; alternatively, it argues the corrections are permissible according to Fed. R. Civ. P. 30(e).

Ms. Foster is a claims adjuster employed by Defendant; she was initially assigned to review Plaintiffs' insurance claim based on injuries sustained by their minor son, T.F., in an automobile accident. In her deposition, Ms. Foster was questioned regarding , *inter alia*, her communications with Plaintiffs during the investigation and review of the claim. After her deposition, she prepared an errata sheet; Plaintiffs contend that three changes reflected thereon should be stricken.[1]

---

[1] Plaintiffs note that additional corrections were reflected in the errata sheet, but their objection is limited to three specific changes.

Standards governing Fed. R. Civ. P. 30(e):

Pursuant to Fed. R. Civ. P. 30(e), a deponent may review the transcript of her deposition testimony and "if there are changes in form or substance, ... sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(A) and (B). Plaintiffs contend that, although the Rule references changes in the "substance" of deposition testimony, the Tenth Circuit Court of Appeals has narrowly interpreted the Rule's scope and has held that, as a general rule, deponents cannot make substantive changes in their testimony. Defendant acknowledges the Tenth Circuit has taken the more restrictive "minority view" on this issue, but it argues other courts disagree and interpret Rule 30(e) to permit substantive changes. Defendant urges this Court to reject the Tenth Circuit's interpretation and adopt what it contends is the majority view.

The Tenth Circuit expressed concern regarding an expansive interpretation of Rule 30(e):

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Garcia v. Pueblo Country Club*, 299 F. 3d 1233, 1242 n.5 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F. R. D. 322, 325 (W. D. La. 1992)). In *Garcia,* the Circuit reversed the trial court's grant of summary judgment for the defendant. Among the issues addressed was the defendant's partial reliance, in support of summary judgment, on deposition testimony which had been corrected in an errata sheet. The witness testified in his deposition that he did not know the reason a certain action was taken; however, in the errata sheet, he changed that answer to provide an explanatory reason for the action. The Circuit regarded this as "altered testimony that is controverted by the

2

original testimony," and stated it was "dismayed" by the defendant's reliance on errata that "strayed substantively from the original testimony." *Garcia*, 299 F. 3d at 1242 n. 5; *see also Saffa v. Oklahoma Oncology, Inc.*, 405 F. Supp. 2d 1280, 1282 (N. D. Okla. 2005) (citing *Garcia*, the court held that a deponent could not "clarify" her testimony by making material changes in an errata sheet).

In *Burns v. Board of County Comm'rs,* 330 F. 3d 1275, 1282 (10th Cir. 2003), the Circuit again interpreted Rule 30(e) narrowly; however, it held that an attempt to alter deposition testimony should be evaluated according to the rule in *Franks v. Nimmo*, 796 F.2d 1230 (10th Cir. 1986), which applies to an affidavit differing substantively from prior deposition testimony. *Burns*, 330 F. 3d at 1282. According to *Franks,* where an affidavit is inconsistent with prior deposition testimony, the affidavit is not automatically disregarded. *Franks,* 796 F.2d at 1237. Instead, the trial court should determine if the affidavit is a "sham" which should be disregarded; to do so, the court should consider 1) whether the affiant was cross-examined during his earlier testimony; 2) whether the affidavit was based on newly discovered evidence; and 3) whether the earlier testimony reflects confusion which the affidavit attempts to explain. *Id.*

Applying those factors to a deponent's errata sheet in *Burns,* the Circuit determined the deponent was cross-examined during his deposition, his corrections were not based on newly discovered evidence and, although he claimed to have been confused during his deposition, the deposition transcript did not reflect any obvious confusion. Thus, the Circuit concluded Rule 30(e) did not permit the substantive changes in the testimony, and held the district court had properly disregarded the deposition corrections in determining the defendants' summary judgment motion. *Burns*, 330 F. 3d at 1282.

As Defendant correctly points out in its brief, other courts interpret Rule 30(e) more broadly than does the Tenth Circuit. *See, e.g., Podell v. City Corp. Diner's Club, Inc.*, 112 F. 3d 98, 103 (2d Cir. 1997); *Eicken v. USAA Federal Savings Bank,* 498 F. Supp. 2d 954 ( S. D. Tex. 2007).[2] However, "the decisions of one circuit court of appeals are not binding upon another circuit." *Garcia by Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987), *cert. denied,* 485 U.S. 959 (1988). Furthermore, absent extraordinary circumstances, this Court applies Tenth Circuit precedent. After careful review of applicable authority, the Court is convinced that the *Franks* factors should be applied in the determination of the instant motion.

Application:

In applying the Tenth Circuit's Rule 30(e) analysis, the Court must first decide if the challenged deposition corrections materially alter the deposition testimony, as the analysis in *Burns* and *Franks* "assumes a threshold inquiry of whether the changes are material." *Summerhouse*, 216 F. R. D. at 508. If the changes are material, the Court will then determine whether the *Franks* analysis permits use of the altered testimony. Because Plaintiffs challenge three separate changes to Ms. Foster's testimony, the Court will consider the three separately. The testimony at issue is included in the partial deposition transcript submitted as Exhibit 1 to Plaintiffs' Motion; a copy of the errata sheet is submitted as Exhibit 2.

1.  Testimony at p. 110, lines 20-25 of Foster deposition:

Plaintiffs' first challenge to Ms. Foster's errata sheet involves the following deposition testimony:

> Are you aware of any information suggesting that the Fullbrights failed to cooperate

---

[2] Even where material changes are permitted, however, the original answers remain a part of the record and can be used to impeach the witness at trial. *See, e.g., Podell*, 112 F. 3d at 103.

>in your investigation and evaluation?
>MR. ANDREWS: Objection; form.
>THE WITNESS: I'm not aware of any instances where they failed to cooperate.[3]

Foster dep., Plaintiffs' Ex. 1, p. 110, lines 20-25. In her errata sheet, Ms. Foster corrected her answer to state: "Mrs. Fullbright said she was going to send lost wage information to me and never did." Errata Sheet, Plaintiffs' Exhibit 2. According to Ms. Foster, the reason for the correction is "to make testimony more accurate." *Id.*

Plaintiffs contend the errata materially changes Ms. Foster's deposition testimony because she initially testified that she was not aware of any instances in which Plaintiffs failed to cooperate with the investigation and evaluation of their claim; however, she changed that testimony in the errata sheet and cited a specific example of an instance in which Mrs. Fullbright did not provide information to Ms. Foster.

Defendants argue this is not a material alteration because it is consistent with other portions of Ms. Foster's testimony. Specifically, Defendant points to a portion of the deposition in which Ms. Foster was asked what actions she took to investigate Plaintiffs' claim regarding T. F.'s lost wages. The deposition transcript reflects she testified in some detail about her request for documentation regarding T.F.'s lost wages and Mrs. Fullbright's failure to provide documentation. *See* Foster dep., Defendant's Exhibit 1 to Response, p. 53, lines 14-25; p. 54, lines 1-3; p. 61, lines 19-22. Specifically, Ms. Foster was asked what actions she took to investigate the issue of lost wages; she responded in pertinent part that she discussed this issue with Mrs. Fullbright on "many occasions," and testified that Mrs. Fullbright "was gathering that information." Foster dep., p. 53, lines 14-25. Her deposition testimony further reflects the following question and response:

---

[3]Ms. Foster was deposed by counsel for Plaintiffs, Richard J. Harris; Defendant was represented by its counsel, Daniel C. Andrews.

5

> Q. Did Sheila ever send lost earnings documentation to State Farm?
>
> A. I never received any documentation from Sheila Fullbright regarding lost wages.

*Id.*, p. 61, lines 19-22.

Having reviewed the deposition excerpts submitted by the parties in their entirety, the Court concludes that the first errata correction does not materially and substantially alter the substance of Ms. Foster's deposition testimony. Ms. Foster's addition of the statement that Mrs. Fullbright did not provide the wage documentation requested does not alter the substance of her deposition testimony, as that response is consistent with other portions of her testimony. Plaintiffs may, of course, question Ms. Foster at trial regarding this subject, and the change in her testimony.

Having concluded that the first errata entry does not alter the substance of her testimony, the Court need not apply the *Franks* factors. The Motion [Doc. No. 48] is denied as to the first errata correction.

2) Testimony at p. 111-112:

Plaintiffs' second challenge to the changes in Ms. Foster's deposition testimony involves the following exchange:

> Would it – would it be, in your opinion, fair and reasonable to assert a defense to an uninsured motorist claim after a lawsuit is filed, based on failure to cooperate when no notice was ever given to the insured prior to suit that they were not cooperating?
> MR. ANDREWS: Objection; form.
> THE WITNESS: Well, goodness, if that was the case, that wouldn't be right.

Foster dep., p. 111, lines 19-25; p. 112, lines 1-3. In the errata sheet, Ms. Foster changed her answer to "I don't know." Errata Sheet. The reason given was "to make testimony more accurate." *Id.*

Defendant contends that there is nothing improper about the change in this testimony because the question sought a legal opinion or conclusion which Ms. Foster is not qualified to provide.

During the deposition, Defendant's counsel objected to the form of this question. In connection with the instant motion, it is not necessary for the Court to rule on the stated objection, but rather the Court must initially determine whether the errata sheet change is a material alteration to the substance of the deposition testimony. In this regard, the Court concludes that Ms. Foster's proposed change from "if that was the case, that wouldn't be right" to "I don't know" materially alters her testimony.

Applying the *Franks* factors, the Court finds that Ms. Foster did not appear confused during the deposition, nor did she exhibit fatigue during the pertinent questioning. Defendant's attorney was present to cross-examine her about this and other testimony. The Court concludes that the changed testimony should be stricken; however, Defendant is not precluded from pressing its objection to the question at the appropriate time. The Motion [Doc. No. 48] is granted as to this issue.

3) Testimony at p.113:

Plaintiffs' next challenge relates to the following portion of Ms. Foster's deposition testimony:

> (By Mr. Harris)  The Fullbrights did everything you asked them to do in this claim, didn't they?
> MR. ANDREWS: Objection; form.
> THE WITNESS: The Fullbrights gave full cooperation to me.

Foster dep., p. 113, lines 10-15. In the errata sheet, Ms. Foster changed her answer as follows: "Mrs. Fullbright indicated she would forward lost wage documents but never got them to me." Errata Sheet. The reason given was again to "make testimony more accurate." *Id.*

The proposed change, as Defendant suggests, is consistent with Ms. Foster's other testimony

regarding Mrs. Fullbright's failure to submit lost wages documentation to Ms. Foster. The errata alteration does not change the substance of Ms. Foster's testimony. Plaintiffs argue that, although Ms. Foster testified about Plaintiffs' failure to provide documentation, that does not equate with a failure to cooperate, which was the focus of the deposition question at issue. The Court disagrees. While the alteration in the errata sheet is consistent with Ms. Foster's testimony, and will be allowed, that does not mean that Plaintiffs cannot question her about the Plaintiffs' cooperation, or lack thereof, and refer to the original deposition testimony, if desired. Plaintiffs are free to do so at trial, and the original answer will remain in the deposition transcript. The Motion [Doc. No. 48] is denied as to this issue.

Conclusion:

For the foregoing reasons, the Motion to Strike [Doc. No. 48] is GRANTED IN PART and DENIED in part.

IT IS SO ORDERED this 2nd day of February, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE